IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CV-13-H

DEBRA ROBERTSON,                        )
                                        )
        Plaintiff,                      )
                                        )
                                        )
    v.                                  )               **ORDER**
                                        )
                                        )
CREE, INC.,                             )
                                        )
        Defendant.                      )


    This matter is before the court on defendant Cree, Inc.'s
motion for attorney's fees pursuant to Federal Rule of Civil
Procedure 54(d)(2) and 42 U.S.C. § 2000e-5(k).

    This is the first of several lawsuits brought by plaintiff
Debra Robertson against her employer.  In this action, she
alleged claims of pay discrimination on the basis of her race
and her sex in violation of Title VII.  This court granted
summary judgment for defendant on all of plaintiff's claims.

    Title 42 U.S.C. § 2000e-5(k) provides, "In any action or
proceeding under this subchapter the court, in its discretion,
may allow the prevailing party, other than the Commission or the
United States, a reasonable attorney's fee (including expert
fees) as part of the costs, and the Commission and the United

States shall be liable for costs the same as a private person."
Id. However, application of those provisions differs based on
whether the prevailing party is a plaintiff or a defendant.

A prevailing plaintiff "ordinarily is to be awarded
attorney's fees in all but special circumstances."
Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417 (1978).
By contrast, a court may award attorney's fees to a prevailing
defendant in a civil rights action only if the court finds the
allegations to be "frivolous, unreasonable, or groundless, or
that the plaintiff continued to litigate after it clearly became
so." Id. at 422. The Supreme Court has adopted a more
stringent standard for defendants to obtain attorneys' fees in
civil rights cases, in order to avoid chilling or discouraging
plaintiffs from bringing civil rights suits in the first
instance. Id. A plaintiff need not have acted in bad faith in
order to be responsible for attorney's fees, id., but a grant of
attorney's fees to a prevailing defendant is a "conservative
tool, to be used sparingly." See Arnold v. Burger King Corp.,
719 F.2d 63, 65 (4th Cir. 1983).

Here, defendant is the prevailing party. See Basnight v.
Diamond Developers, Inc., 178 F. Supp. 2d 589, 592 (M.D.N.C.
2001) ("It is well settled that a party that wins pursuant to a
summary judgment motion is considered a prevailing party for

2

purposes of awarding attorney's fees."). Defendant argues that under a Christiansburg analysis, it is entitled to fees because plaintiff's suit was frivolous, unreasonable and groundless. Further, defendant argues that even if plaintiff did not realize that the action was groundless initially, she should have realized that the case was not viable during the discovery process.

The Fourth Circuit has noted that various courts have employed widely divergent criteria in determining whether a civil rights claim is sufficiently frivolous to merit an award of attorney's fees to a prevailing defendant. See Arnold, 719 F.2d at 66. However, "[t]he one common strand running through all these cases is that assessment of frivolousness and attorneys' fees are best left to the sound discretion of the trial court after a thorough evaluation of the record and appropriate factfinding." Id.

The court has carefully considered this matter and finds that it is a difficult decision to determine at what point plaintiff should have known that her claims were frivolous. There are "varying degrees of frivolousness." Arnold, 719 F.2d at 68 n.7. The court, in its discretion, holds that plaintiffs' claims were not so frivolous, unreasonable, or groundless as to justify a fee award under Christiansburg.

## CONCLUSION

For the foregoing reasons, defendant's motion for attorney's fees [DE #72] is DENIED.

This 21⁵ᵗ day of December 2010.

_(signature)_

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

4